**IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, McCAFFERY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 817 CAP |
| | : | |
| Appellee | : | Appeal from the Order entered on |
| | : | August 1, 2024, in the Court of |
| | : | Common Pleas of Dauphin County, |
| v. | : | Criminal Division, at No. CP-22-CR- |
| | : | 0001773-2000. |
| | : | |
| HERBERT BLAKENEY, | : | SUBMITTED: May 8, 2025 |
| | : | |
| Appellant | : | |

**OPINION**

**JUSTICE McCAFFERY**                                        **DECIDED: November 5, 2025**

Herbert Blakeney appeals from the dismissal, as untimely, of his third Post Conviction Relief Act (PCRA)[1] petition. This Court previously detailed the evidence presented at trial in Blakeney's direct appeal. *See Commonwealth v. Blakeney*, 946 A.2d 645 (Pa. 2008). Due to the limited issue in Blakeney's current appeal, a brief summary of that evidence will suffice.

Blakeney was convicted of the first-degree murder of his estranged wife's (though not Blakeney's) 14-month-old son, as well as the attempted murder and aggravated assault of Duana Swanson, his estranged wife's roommate. Key to the Commonwealth's case was the testimony of Harrisburg Police Officer William Vernouski. Officer Vernouski testified that while responding to a report of a domestic disturbance, he encountered

---

[1] 42 Pa.C.S. §§ 9541-9546.

Swanson's thirteen-year-old son fleeing from a butcher knife–wielding Blakeney. Upon seeing Officer Vernouski, Blakeney stabbed Swanson in the chest and subsequently choked her unconscious.

According to Officer Vernouski, Blakeney then dared the officer to shoot him while he made threatening gestures. When Officer Vernouski declined to shoot, Blakeney grabbed his estranged wife's 14-month-old son and held him as a human shield. Officer Vernouski, now joined by other officers, attempted to defuse the situation. Blakeney refused to put the child down, however, and ultimately killed the child by sawing through the child's throat with the butcher knife. Officer Vernouski shot Blakeney three times. Blakeney and Swanson survived; the child did not.

Relevant to the issue in this appeal, Blakeney chose to represent himself at trial. Blakeney maintained his innocence while asserting Officer Vernouski had killed the child. Blakeney claimed he was the victim of a police cover-up and conspiracy.

During voir dire, Blakeney questioned Juror #7 based on the juror's written questionnaire. On the form, the juror had initially responded "yes" to the question, "Have you, or anyone in your family, or close friend, been charged with a crime?" However, the checkmark next to "yes" had been scribbled out and the "no" response was selected instead.

Twenty years and five PCRA petitions later, Blakeney's post-conviction counsel located an obituary for Juror #7's mother that listed the names of her relatives. Counsel researched these names and discovered that, prior to Blakeney's trial, Juror #7's nephew was charged with the attempted murder of the nephew's infant son. In fact, the nephew had a preliminary hearing on the same day that Blakeney questioned Juror #7 during voir dire.

Counsel promptly filed the instant PCRA petition, asserting that until October 16, 2023, Blakeney was unaware that Juror #7 had failed to reveal that the juror's nephew had been charged with a crime similar to the charges against Blakeney. Based on this assertion, Blakeney argued that while his petition was facially untimely, the allegations set forth in the petition qualified for the previously unknown fact exception to the time bar, 42 Pa.C.S. § 9545(b)(ii).[2] He contended Juror #7's misrepresentation denied him his right to a fair and impartial jury.

On May 29, 2024, the PCRA court issued an order, accompanied by a memorandum opinion, apprising Blakeney of the court's intent to dismiss the PCRA petition without a hearing. After setting forth the appropriate standards governing Blakeney's claim that the petition qualified for an exception to the PCRA's time bar, the court summarily rejected Blakeney's position:

> Here, [Blakeney] asserts that jury bias existed at the time of [Blakeney's] trial based upon [Juror #7's] having answered a juror questionnaire in the affirmative, then crossing the answer out, to answer in the negative. The question inquired as to whether the juror or anyone in his family, or a close friend, ha[d] been charged with a crime. [Blakeney] asserts that the answer was untruthful, citing a June 25, 2002[] news article which reported that a person … alleged to be [Juror #7's] nephew, was charged with attempted homicide of an infant.
>
> [Blakeney] fails to state why he could not have learned of the information earlier, particularly when he bases his claim upon a June 25, 2002[] news article. The information is not a new fact, but at best, a new discovery of a previously known fact. [Blakeney] therefore fails to satisfy 42 Pa.C.S. § 9545(b)(ii)[, the previously unknown fact exception to the PCRA's time bar.]

Opinion and Order, 5/29/2024, at 6.

---

[2] The previously unknown fact exception creates jurisdiction to entertain a facially untimely PCRA petition where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(ii).

Blakeney's appeal from the PCRA court's order comes directly to this Court pursuant to 42 Pa.C.S. § 9546(d) ("A final order [addressing a PCRA petition] in a case in which the death penalty has been imposed shall be directly appealable only to the Supreme Court pursuant to its rules."). He raises a single issue for our review:

> Did the PCRA Court err when it ignored Mr. Blakeney's uncontradicted allegations regarding his knowledge and diligence and instead dismissed his PCRA petition as untimely on the basis of the now-repudiated public record presumption, *see Commonwealth v. Small*, 238 A.3d 1267, 1286 (Pa. 2020)?

Appellant's Brief at 2.

Since no hearing was held, the PCRA court did not make any factual findings. The order is based purely on legal reasoning. We thus review the dismissal of Blakeney's PCRA petition *de novo* to determine whether the PCRA court's legal conclusions are free from legal error. *See Small*, 238 A.3d at 1280.

For a PCRA petition to be facially timely, it must be filed within one year of the date the petitioner's judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1). Since the PCRA's time bar is jurisdictional in nature, "no court may entertain an untimely PCRA petition." *Small*, 238 A.3d at 1280.

Here, Blakeney concedes his PCRA petition is facially untimely, as it was filed over a decade after his judgment of sentence became final. *See* Appellant's Reply Brief at 2 ("The PCRA petition explicitly and clearly invokes the newly-discovered fact exception in subsection (b)(1)(ii) … as a basis for jurisdiction."). Nevertheless, Blakeney may still avoid the time bar by establishing that one of three statutory exceptions apply. *See* 42 Pa.C.S. § 9545(b)(1)(i-iii) (providing for exceptions to the time bar based on assertions that (i) government officials improperly interfered with the petitioner's ability to present the substantive claim; (ii) the facts underlying the substantive claim were previously unknown to the petitioner, who could not have discovered them earlier through due diligence; and

(iii) the petitioner's claim is based on a newly recognized constitutional right that has been held to apply retroactively).

Consistent with the allegations in his petition, Blakeney argues that the previously unknown fact exception applies to his petition. This exception requires only that Blakeney plead and prove that facts relevant to his claim were unknown to him and could not have been discovered earlier through the exercise of due diligence. *See Small*, 238 A.3d at 1281. "The statute itself contains no exception, express or constructive, regarding information that is of public record." *Id*. (citation, internal quotation marks, and emphasis omitted). Thus, "the newly discovered fact exception does not call for **any** assessment of whether the asserted facts appear in the public record." *Id*. at 1283 (emphasis added). Instead, it "calls for a circumstance-dependent analysis of the petitioner's knowledge, not that of the public at large." *Id*. As such, "[i]n any circumstance in which a PCRA petitioner can establish the facial requirements of the newly discovered fact exception, but the court rejects the claim merely due to the earlier public availability of the information, the court is overriding the language of the PCRA." *Id*. at 1284.

Here, the PCRA court's summary conclusion is ambiguous. It may be read as resting on one of two legal theories, both of which are problematic. First, it may represent a conclusion that Blakeney is presumed to have known of Juror #7's nephew's criminal charges because they were published in a newspaper prior to Blakeney's trial. However, this conclusion would constitute legal error.

Again, the PCRA court cannot presume that Blakeney knew of the pending charges merely because they were published in a newspaper. *See Small*, 238 A.3d at 1283. The Commonwealth concedes that the PCRA court's reasoning contradicts *Small*, but contends that the PCRA court was entitled to apply the public records presumption because no case has held that *Small* can be applied retroactively. In essence, the

Commonwealth argues that the central holding of *Small* — the repudiation of the public records presumption — cannot apply here because Blakeney's trial occurred before *Small* was issued. This argument, however, misapprehends both the nature of *Small*'s analysis and also its explicit text. *Small* addressed the statutory requirements for establishing a court's jurisdiction to consider the merits of a PCRA petition. Accordingly, the procedural step for applying *Small* is the filing of a PCRA petition, not the date of the underlying trial. This is obvious from *Small* itself, as Small's trial occurred in 1983, and yet this Court concluded that Small was "relieved of the public record presumption[.]" *Small*, 238 A.3d at 1286.

Moreover, even if we assume that Blakeney was aware of the charges, there is nothing in the record at this point to support a finding that Blakeney was aware that Juror #7 was related to the person identified in the newspaper article. As this is a necessary fact underpinning Blakeney's claim that Juror #7 answered the voir dire question(s) untruthfully, we cannot conclude as a matter of law that Blakeney knew of the facts upon which his claim for relief relied.

In a disjointed argument, the Commonwealth contends that Blakeney should be imputed with the knowledge that the two men are related because they share the same last name. *See* Commonwealth's Brief at 16. Yet, barely a page later, the Commonwealth asserts that we should affirm the dismissal of Blakeney's petition because "he failed to plead or prove a definitive familial relationship between the two individuals[.]" *Id*. at 17. While Blakeney has **pleaded** a definitive familial relationship, *see* PCRA Petition, 10/20/2023, at 12, he has not yet had an opportunity to prove it. The fact that the men share the same last name is some evidence of the relationship, but this is ultimately a factual question to be addressed after a hearing. Certainly, if the Commonwealth is not willing to concede the relationship based on the shared last name,

it is inappropriate to conclude, as a matter of law, that Blakeney knew of the relationship based on that same circumstance.

A second alternative theory interprets the PCRA court's order as a conclusion that Blakeney has not established due diligence in discovering the facts underpinning his claim. Advancing this alternative interpretation, the Commonwealth contends that "the juror's questionnaire clearly put [Blakeney] on notice that he should further investigate this juror as to this claim." Commonwealth's Brief at 14. Blakeney characterizes the Commonwealth's argument as contrary to our precedent, which "does not require perfect vigilance and punctilious care, but merely a showing [that a] party has put forth reasonable effort to obtain the information upon which a claim is based." Appellant's Brief at 12 (citing *Commonwealth v. Cox*, 146 A.3d 221, 230 (Pa. 2016) (citation and internal quotation marks omitted)).

Blakeney asserts Juror #7 orally affirmed that he intended to answer "no" on the written questionnaire during voir dire. *See* Appellant's Brief at 6. The transcript does not clearly support this interpretation:

Q[:] Question No. 27. You scribbled out yes, no. Someone in your family being charged with a crime.

A[:] Have I ever been charged with a crime?

Q[:] Yes.

A[:[3]] Okay. [The prosecutor] got you to understand regardless of, I do have certain rights and I don't have to, and you have to respect that. You can follow the rules.

A[:] Yeah.

---

[3] The transcript identifies this response as an answer from Juror #7. However, it is clear from the context that this was actually a question Blakeney posed to the juror.

N.T., 8/2/2002, at 249. Nevertheless, we decline to hold that Blakeney had an obligation to ask further questions based solely on the scribbled out answer.[4] It is not the equivalent of a vague or ambiguous answer. Instead, it clearly indicates the intended answer was "no." Blakeney was entitled to accept Juror #7's written response at face value when preparing for an imminent capital trial. Further, Blakeney was not required to research the extended family of Juror #7 to discover whether the juror answered the written question honestly. Holding Blakeney, or any counsel, to a higher standard would be expecting perfect vigilance, not reasonable effort. *See Cox*, 146 A.3d at 230.

Thus, under either interpretation of the PCRA court's analysis, the PCRA court erred.[5] We accordingly vacate the PCRA court's order and remand for further proceedings consistent with this opinion.

Chief Justice Todd and Justices Donohue, Dougherty, Wecht and Brobson join the opinion.

Justice Mundy concurs in the result.

---

[4] Whether Juror #7 answered the written question honestly but mistakenly, as opposed to being intentionally deceptive, is an issue relevant to the merits of Blakeney's underlying claim of a biased juror. *See Commonwealth v. Aljoe*, 216 A.2d 50, 54 (Pa. 1966).

[5] We address only the explicit analysis of the PCRA court. The Commonwealth raises several other challenges to the sufficiency of Blakeney's PCRA petition. *See* Commonwealth's Brief at 17-23. However, as the PCRA court did not address those issues, they are not currently before us.